<pre>
                    UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF NORTH CAROLINA
                         ASHEVILLE DIVISION
                          1:18-cv-258-FDW
</pre>

| | |
|---|---|
| MATTHEW JAMES DURY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | )   **<u>ORDER</u>** |
| | ) |
| | ) |
| KEVIN BRIGGS, | ) |
| | ) |
| | ) |
|     Defendant. | ) |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Plaintiff has filed an application to proceed in forma pauperis. (Doc. No. 2).

## I.  BACKGROUND

Pro se Plaintiff Matthew James Dury is a federal prisoner currently incarcerated at Lewisburg Federal Correctional Institution in Lewisburg, Pennsylvania. Plaintiff filed this action on September 10, 2018, pursuant to 42 U.S.C. § 1983,[1] naming as the sole Defendant Kevin Briggs, identified as a detective with the Buncombe County Sheriff's Office at all relevant times. Plaintiff alleges the following:

> On November 9, 2007, . . . [Defendant Briggs] . . . falsely detained Plaintiff for 46 minutes in Henderson County, with no warrant for arrest, no attorney present, no Henderson County detective, no Miranda warning, no search warrant, and no probable cause of any alleged crime where [Plaintiff] was a suspect.

---

[1] Plaintiff captioned this action as an "Individual Capacity Motion Pursuant to 28 U.S.C. § 1331 and <u>Trezevant Vicinity of Tampa</u>, 741 F.2d 336 (11th Cir. 1984) with a 6th Amendment Jury Trial."

(Doc. No. 1 at 2). Plaintiff seeks compensatory and punitive damages against Defendant Briggs.

Plaintiff pled guilty in this Court to receiving child pornography, in violation of 18 U.S.C. §§ 2552(a)(2) and (b)(1). (Crim. Case No. 1:08-cr-16-MR-1, Doc. No. 12: Acceptance and Entry of Guilty Plea). On September 4, 2008, the Court sentenced Plaintiff to a term of 204 months' imprisonment and a fifteen-year term of supervised release. (Id., Doc. No. 18: Judgment).

Plaintiff appealed, and the Fourth Circuit subsequently vacated the sentence after concluding that this Court's pronouncement of sentence was not accompanied by an expressed understanding of its discretion in fashioning a sentence. United States v. Dury, 336 F. App'x 371, 372 (4th Cir. 2009) (per curiam). On remand, this Court again imposed a sentence of 204 months' imprisonment and a fifteen-year term of supervised release. (Crim. Case No. 1:08-cr-16, Doc. No. 30: Amended Judgment). Plaintiff did not appeal from the amended judgment. Plaintiff filed a motion to vacate on October 11, 2012. (Civ. No. 1:12cv351, Doc. No. 1). Plaintiff raised, as one of his claims in the motion to vacate, the same claim he now attempts to bring against Defendant Briggs. See (Id., Doc. No. 1 at 7, 7-18). This Court subsequently denied the motion to vacate, stating that, as to this particular claim, Plaintiff waived his right to bring this claim by pleading guilty:

> In his third ground for relief, Petitioner argues that Detective Briggs violated his Miranda rights by interrogating him after he was in custody. This argument is foreclosed by Petitioner's knowing and voluntary guilty plea. As noted above, during his Rule 11 hearing Petitioner averred that he had discussed with his attorney all possible defenses to the charges he was facing and stated that he had solemnly decided not to contest the evidence which demonstrated his guilt. A knowing and voluntary guilty plea constitutes a waiver of all non-jurisdictional defects. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). In other words, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offenses with which he is charged, he

> may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Based on the knowing and voluntary nature of Petitioner's guilty plea, and the fact that he did not raise this claim on direct review, this claim for relief is without merit and it will be denied.

(Civ. No. 1:12cv351, Doc. No. 19 at 10-11).

Before addressing Plaintiff's claim in this action, the Court notes that it has considered Plaintiff's IFP affidavit, in which Plaintiff swears under penalty of perjury that he has "only .36 cents on his inmate account. He has no income source and between [$8000 to $10000] encumbered to his inmate account for fine and fees that prison staff charge[d] plaintiff." (Doc. No. 2 at 1). The Court finds that Plaintiff has no funds or inadequate funds to assess an initial partial filing fee. Therefore, the payment of an initial partial filing fee is waived. However, Plaintiff is still liable for the full filing fee and is directed to pay this fee by monthly payments in accordance with this order. In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of North Carolina until the statutory fee of $350.00 is paid in full.

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

As his sole claim, Plaintiff alleges that Defendant Briggs illegally detained Plaintiff on November 9, 2007. Id. As noted, Plaintiff filed this action on September 10, 2018. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the comparable statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Here, Plaintiff's claim is similar to a claim for personal injury in North Carolina, for which there is a three-year statute of limitations. See N.C. GEN. STAT. § 1-52(16). Accord McPherson v. United States, 392 F. App'x 938, 944 (3d Cir. 2010) (claim alleging failure to notify the plaintiff of his rights under Article 36 of the Vienna Convention was subject to the state statute of limitations for personal injury actions, and the statute of limitations bar was clear from the face of the complaint); Taylor v. City of Farmville, No. 1:09cv963, 2011 WL 9374264, at *1 (E.D. Va. May 3, 2011) (same). This Court finds, therefore, that the applicable statute of limitations for Plaintiff's claim is three years.

Although the statutory limitations period for § 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights");

Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

Plaintiff's claim accrued at least on the date of the alleged illegal detention, November 9, 2007. Plaintiff did not file this action until September 10, 2018; thus, Plaintiff's claim is clearly time-barred. See Jones v. Bock, 549 U.S. 199, 215 (2007) (noting that in an initial review under § 1915(e) of the PLRA, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."). In any event, Plaintiff has already attempted to raise his current claim against Defendant in a prior Section 2255 motion to vacate filed in this Court, and this Court already rejected Plaintiff's claim in that action. For this additional reason, Plaintiff's action must be dismissed.

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's In Forma Pauperis Application, (Doc. No. 2), is **GRANTED**.
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.
3. The Clerk is respectfully instructed to terminate this action.
4. In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of North Carolina until the statutory fee of $350.00 is paid in full. The Clerk is

respectfully instructed to mail this Order to Lewisburg US Penitentiary, P.O. Box, Lewisburg, PA 17837.

Signed: September 18, 2018

Frank D. Whitney
Chief United States District Judge